IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FLOYD STANHOPE FRANCIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:14-cv-1664-SLB-TMP |
| ) | |
| ERIC HOLDER, JR., ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation on July 15, 2015, recommending dismissal of petitioner's 28 U.S.C. § 2241 petition for *habeas corpus* relief. (Doc. 18).  No objections to the report and recommendation have been filed.  Having now carefully considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED IN PART** and the recommendation **ACCEPTED IN PART,** as modified herein.

As explained by the magistrate judge, this case involves two distinct issues: (1) whether the petitioner is a "national" of the United States and, therefore, not subject to removal, and (2) whether he has remained in administrative detention for an excessive period of time awaiting removal, in violation of the principles enunciated in Zadvydas v. Davis, 533 U.S. 678, 701, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001).  This court has jurisdiction of the latter, but not over the former.  As the magistrate judge made clear, the REAL ID Act, 8 U.S.C. § 1252(a)(2)(5), plainly vests original jurisdiction over questions of "nationality" in the courts of appeals, not the district courts.  Although

a court of appeals may refer a factfinding issue to a district court, the original jurisdiction commences in the court of appeals. For this reason, the first issue presented by the petitioner must be either dismissed without prejudice for want of jurisdiction or, pursuant to 28 U.S.C. § 1631, transferred to an appropriate court of appeals.

Contrary to the magistrate judge's recommendation that this issue be transferred to the Court of Appeals for the Fifth Circuit, the court believes the better procedure is to dismiss the "nationality" claim without prejudice. Although it is true that the "nationality" issue presently is pending on appeal before the Fifth Circuit as a result of petitioner's earlier § 2241 petitions filed in the Western District of Louisiana, transferring the issue from this action to that court may lead to confusion. For example, if this court orders transfer of the issue and then the petitioner appeals this order to the Court of Appeals for the Eleventh Circuit, there is a risk of conflicting resolutions of the claim. Or, if the Eleventh Circuit on appeal were to conclude that this court erred by transferring the matter to the Fifth Circuit, how would they "retrieve" the erroneously transferred case from the Fifth Circuit? The better procedure is to dismiss the "nationality" claim without prejudice for lack of jurisdiction. If, on appeal, the Eleventh Circuit agrees, the matter is over in this court and in the Eleventh Circuit. If the Eleventh Circuit disagrees and holds that this court *does* have jurisdiction, it can remand the issue to this court. Or, if the Eleventh Circuit agrees this court lacks jurisdiction but the court of appeals *does* have jurisdiction, it can proceed with original jurisdiction over the question. All the while, if the Fifth Circuit independently resolves the "nationality" question, it may be *res judicata* in this court or the Eleventh Circuit. Also, at the time this petition began, petitioner was physically incarcerated in the Northern District of Alabama (although he filed the petition in the Eastern District of New York).

To reduce the chance of such confusion, the court believes it is simply better to dismiss the "nationality" claim without prejudice.

By separate Order, the petitioner's <u>Zadvydas</u> claim for excessive detention will be **DENIED** and **DISMISSED**. Petitioner's claim that he is a national of the United States is due to be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to mail a copy of the foregoing to the petitioner.

DONE the 17th day of August, 2015.

_____
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE